# William McLaughlin

## *v.*

# Lewis W. Thompson.

1. TAX TITLE—*time of levying a county tax under section 8 of the revenue law of 1845.* That section is peremptory in requiring a county tax to be levied at the March term of the county commissioners' court, and if levied at the June term, the levy and all subsequent proceedings under it would be void.

2. SAME—*of a tax deed based upon a sale where a portion of the tax was illegally levied.* It has been held that if any portion of a tax upon which a judgment was rendered, was illegal, or if the judgment was for too large a sum, even to the extent of a few cents, a sale and tax deed based upon such judgment would be void.

3. So where a part of the tax for which a judgment was rendered, was a county tax, levied while the revenue law of 1845 was in force, and at a time other than the March term of the county commissioners' court, and therefore illegally levied, it was *held,* a tax deed founded upon such judgment was void, and no recovery in ejectment could be had under it.

APPEAL from the Circuit Court of Mercer county; the Hon. ARTHUR A. SMITH, Judge, presiding.

The opinion states the case.

Messrs. GOUDY & CHANDLER and Mr. I. N. BASSETT, for the appellant.

Mr. T. G. FROST, for the appellee.

Mr. JUSTICE WALKER delivered the opinion of the Court:

This was an action of ejectment, brought by appellee in the Mercer circuit court, against appellant, for the recovery of a number of lots in the town of Aledo, in Mercer county. A

plea of not guilty was filed, a trial was had, resulting in a verdict and judgment in favor of plaintiff, and defendant brings the record to this court and assigns and urges various errors for a reversal.

We shall confine ourselves in the decision of this case to the instruction given by the court of its own motion, and the questions it raises on the record. It is this:

"The jury are instructed that the plaintiff has shown a good tax title, and that the defendant has shown a good patent title, and the questions of fact presented for further consideration, are:

"First, has the record been forged; and second, has the defendant, and those claiming through him, shown an actual residence on the land for seven years under the patent title in evidence. If the record has been forged, the plaintiff cannot recover, and if the defendant, and those claiming through him, have resided on the land for seven years immediately preceding the commencement of this suit, the plaintiff cannot recover; but unless these facts are shown, the plaintiff ought to recover."

If it is not true that appellee had shown a good tax title, then the first clause of this instruction is erroneous, and the judgment should be reversed. The court, in this instruction, informs the jury that appellee had proved a good tax title, and to overcome it and defeat a recovery, appellant must prove that the record upon which it was based, was a forgery, and that he and those claiming through him had an actual residence on the land for seven years under the patent title. Now, if it appeared that the record upon which the tax deed was based, was a forgery, then it would not be a good tax title, and he could not recover, whether appellant had been in the actual occupancy of the land by residence or not, as that would be wholly immaterial. If there was such possession, then it would bring appellant within the provisions of the limitation law of 1835,

and such possession under the patent title would have defeated the recovery, even if the tax title is regular.

But did appellee's evidence show a legal and valid tax title, entitling him to recover, independent of appellant's title and possession for seven years? The tax of twenty cents on each $100 of taxable property, for county purposes, for the year 1845, was levied at the June term of the county commissioners' court, and bears date on the second day of the month. The eighth section of the revenue law then in force (R. S. 438,) provides that the county commissioners' court shall have power to levy a tax for county purposes, of not more than four mills on each dollar's worth of property, and that the county tax shall be levied at the March term of such court, and collected with the State revenue. The language of this law is imperative, and we have been referred to no other provision authorizing the levy to be made at any other time. As a general rule, when a power of this character is delegated to officers, it must be strictly pursued. And the commissioners' court having failed to pursue the authority thus conferred, they were powerless to disregard the requirements of the statute and adopt a different time to perform the act. They had no power to levy this tax at the June term, when the statute had imperatively required it to be done at the March term. This levy being unauthorized, it was illegal.

The evidence shows that this county tax entered into and formed a part of the judgment, and the sum for which the land was sold. That tax being illegal, appellant, or those under whom he claims, were not required to pay it, nor did the law impose the duty of redeeming from the sale. And it has been repeatedly held that if any portion of the tax is illegal, or the judgment is too large, only to the extent of a few cents, the sale and tax deed will be void. This being so, the tax deed conveyed no title, and hence there could be no recovery under it, as the plaintiff in ejectment must, as in other cases, establish his right to recover.

We deem it unnecessary to examine other questions raised and urged by appellant, as the question already considered is fatal to the tax title, and precludes a recovery under it. The court having erred in the instruction given, which must have misled the jury, the judgment of the court below will be reversed and the cause remanded.

*Judgment reversed.*