# ST. LOUIS, VANDALIA AND TERRE HAUTE RAILROAD CO.

## v.

## JESSE R. SURRELL, Collector.

1. TAXATION—*right of State board to increase value of railroad property returned.* The State Board of Equalization has the power to increase the valuation of railroad property returned by the officers of the corporation without first hearing evidence impeaching the return. Such return is not made *prima facie* or conclusive evidence of anything. The constitution requires the officers whose duty it is to assess, to fix the value of property assessed, and not the owner.

2. SAME—*evidence not required in assessing property.* It is not essential to the validity of an assessment that township and other assessors shall hear evidence in fixing the taxable value of property, but they may act upon their own knowledge and judgment, and the same rule is equally applicable to the State Board of Equalization.

3. SAME—*failure to return local levy in time.* A failure to return the certificate of local taxes required to be levied for school and other municipal purposes to the county clerk on or before the day named in sec. 122 of the Revenue act, is cured by sec. 191 of the same law, and the omission does not affect the substantial justice of the tax, and therefore can not defeat its collection.

APPEAL from the Circuit Court of Effingham county; the Hon. JAMES C. ALLEN, Judge, presiding.

Mr. R. W. THOMPSON, and Mr. T. J. GOLDEN, for the appellant.

Mr. JAMES K. EDSALL, Attorney General, for the appellee.

Mr. JUSTICE WALKER delivered the opinion of the Court:

This was a suit in equity, brought by appellant, in the Effingham circuit court, to enjoin the collection of State, county, school and other taxes levied on the property of the company. A temporary injunction was granted, but on a hearing, on demurrer, it was dissolved and the bill dismissed, and the company appeals and assigns various errors.

The demurrer, of course, brings before the court the ques-

tion whether the bill contains equity entitling appellant to the relief sought.

It is first insisted, that the State Board of Equalization had no power to increase the valuation of the property returned by the officers of the company—that their return was conclusive until impeached by evidence.   This question was decided against the position taken by appellant, in *Porter* v. *Rockford, Rock Island and St. Louis R. R. Co.* 76 Ill. 564, and *The State Railroad Tax Cases,* 2 Otto, 575.   It is manifest that the position is incorrect, as the law requires the board of equalization to fix or assess the value of the property so returned, and it does not provide that the return by the railroad officials shall be *prima facie* or conclusive evidence of anything.   To give the construction contended for by appellant, would deprive the board of equalization of all power as assessors, and leave the power to fix the taxable value of the property of these bodies in their officers, unless the value fixed by the return could be overcome by proof.   An individual is required to make and furnish a list of his taxable property to the assessor, and yet we presume no one has ever supposed that it was binding on the assessor, until he could find proof to overcome the return.   The requirement was only adopted as a convenient means of ascertaining the amount and character of taxable property held by each tax-payer.   The constitution requires the officers elected or appointed for the purpose, to fix the value, and not the owner, and that duty must be performed by the officers designated for the purpose, and we will not presume the General Assembly designed to dispense with this requirement.   See *Republic Life Ins. Co.* v. *Pollak,* 75 Ill. 292; *Ottawa Glass Co.* v. *McCaleb,* 81 id. 556.

Nor is there any force in the position that the State board acted without evidence in fixing the value of the property of the company.   The law does not impose it as a duty, but only requires the board to ascertain and fix the value.   It has never been supposed that it is essential to a valid assessment that township and other assessors shall hear evidence in fixing the

taxable value of property. On the contrary, it is believed they almost uniformly act upon their own knowledge and individual judgment as to its worth. Such being the uniform course in making assessments when the State board was created, and it was empowered to fix the value of property belonging to corporations, the General Assembly must have intended that body to act in the same manner, or they would have provided for a different mode of ascertaining values. It was so held in *The Pacific Hotel Co.* v. *Lieb*, 83 Ill. 602, and that case is decisive of this question, and the court so held in *Porter* v. *Rockford, Rock Island and St. Louis R. R. Co.* 76 Ill. 564.

As to the local taxes levied for school and other municipal purposes, although they may not have been returned to the county clerk on or before the day named in the 122d section of the Revenue law, it has been held by this court, in the case of *Buck* v. *The People*, 78 Ill. 560, that this omission is cured by the 191st section of the same law; that the omission does not affect the substantial justice of the tax, and can not defeat its collection.

All the questions raised in this case have been determined by former decisions of this court, and it can subserve no beneficial purpose to discuss them again in this case.

The bill alleges no specific fraud, or facts showing any, and there is no ground of relief shown for that reason, and the decree of the court below must be affirmed.

·*Decree affirmed.*