JOSEPH REAM *et al.*

*v.*

SUMNER R. STONE *et al.*

*Filed at Springfield March 28, 1882.*

1. TAXES—*distress therefor—lien—necessity for a warrant.* A warrant is an indispensable part of the tax books, without which the collector has no power to levy and distrain for the payment of the taxes, and such warrant is essential to the creation of any lien on the personal property of the person charged with the taxes.

2. SAME—*lien on personalty, lost by neglect to levy.* If the collector fails to make any levy on personal property for taxes until after the return day of the warrant, the warrant then being dead all liens that might have been, but were not, perfected by a levy, will be gone, and a purchaser from the tax debtor will take the property freed from any lien thereon for taxes.

3. SAME—*lien on personalty for back taxes.* Back taxes can not be made a lien, any more than current taxes, upon personal property, until the collector's books, with a warrant authorizing their collection, is placed in the hands of the collector, and if such property is sold under chattel mortgage, and possession taken before any such lien attaches, the purchaser may enjoin a sale of the same on a subsequent levy, regardless of whether the mortgage was properly acknowledged or not.

4. DECREE—*construed as to saving liens for taxes.* A decree of the United States Circuit Court that certain personal property of a railway corporation under mortgage be sold, "subject to all claims legally due for taxes which are a lien" on the same, and a direction in a certain other order that the proceeding should be "without prejudice to any of the rights or liens" that the treasurer, etc., had on the property for taxes, will preserve only such liens as are prior to the rights derived under the mortgage.

APPEAL from the Circuit Court of Champaign county; the Hon. C. B. SMITH, Judge, presiding.

Messrs. BEASON & BLINN, Messrs. BEACH & HODNOTT, and Messrs. FORREST & HUMPHREY, for the appellants:

The tax books for 1873, 1874 and 1875, contained no warrant authorizing the collector to distrain and sell property, for which reason it is claimed these taxes were void. These several taxes were all carried forward on the tax book each subsequent year, up to the time the temporary injunction was granted. These taxes being afterwards carried forward and placed upon the tax books of 1876, to which a sufficient warrant was attached, cures the defect complained of. *Union Trust Co.* v. *Webber,* 96 Ill. 348.

It is claimed these taxes are not a legal claim against the purchasers. This is not so, for the reason that the several decrees in the United States Court provide that such purchasers shall take subject to all taxes assessed and due thereon. The purchasers are not innocent ones.

Mr. LUTHER DEARBORN, and Mr. W. H. CAMPBELL, for the appellees:

For the purpose of taxation there is no difference between tangible and intangible property. It is a personal property tax. *Binkert* v. *Wabash Ry. Co.* 98 Ill. 205; *Belleville Nail Co.* v. *People, etc.* 98 id. 399.

For this tax there is no lien on the property originally assessed, but it is a lien that attaches to all the personal property of the tax debtor, without regard to whether it was previously assessed or not. *Binkert* v. *Wabash Ry. Co. supra; Hill* v. *Figley,* 23 Ill. 418.

If the tax debtor mortgages or sells the property assessed before the tax books, with a legal warrant attached, come into the hands of the collector, the lien of the mortgagee, or the title of the purchaser, can not be affected. *Gaar, Scott & Co.* v. *Hurd,* 92 Ill. 315; *Binkert* v. *Wabash Ry. Co. supra; Hill* v. *Figley, supra.*

In the case of *Union Trust Co.* v. *Webber,* 96 Ill. 359, the party obtained his claim after the assessment of the tax, and after the property had become charged with it. The personal tax can not be a lien upon the real estate of the tax debtor until the steps required by the statute have been taken, and no steps were taken in this case. Rev. Stat. chap. 120, sec. 183; *The Belleville Nail Co.* v. *The People, supra.*

But in no event can the personal tax be charged against the real estate, as against the mortgagee, even though he had notice of the personal tax when he took his mortgage. *Schæffer* v. *People,* 60 Ill. 179; *Belleville Nail Co.* v. *People, supra.*

The lien being created by the warrant, the warrant must be such as is required by law, to create that lien. It is in the nature of an execution. *Hill* v. *Figley,* 25 Ill. 156; Cooley on Taxation, pp. 301, 302.

To be a lien, it should contain the distraining clause. Rev. Stat. chap. 120, secs. 136, 137.

The book containing the railroad tax should have the warrant. Rev. Stat. chap. 120, sec. 51.

The warrant became dead after the return.   *Hill* v. *Figley,* 25 Ill. 156.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

The object of this bill is to cause to be enjoined the seizure and sale of certain railroad property for the payment of taxes· assessed against the Indianapolis, Bloomington and Western Railway Company.   Complainants are a purchasing committee, representing certain bondholders, and they claim to own what was originally the Havana, Mason City and Eastern railway, but more recently known as "The Indianapolis, Bloomington and Western extension."   The taxes, of which collection is being pressed, are those assessed against or on account of this property, for the year 1873, and the capital stock taxes assessed against the corporation on account of this property, for the years 1874 and 1875.

Complainants purchased at a sale of the master in chancery for the Circuit Court of the United States for the Southern District of Illinois, under a decree of that court foreclosing a mortgage executed on the 28th of June, 1872.   The sale occurred February 6, 1879, and a deed was executed to the complainants on the 9th of May, 1879.   George B. Wright was appointed receiver of all the property (including this property) of the Indianapolis, Bloomington and Western Railway Company, by decree of a competent court, on the 1st of December, 1874, and he was then placed in possession thereof, and thenceforth retained the same until after the conveyance to the complainants, when he surrendered to them possession of the property conveyed to them.   The circuit court enjoined the sale of the property claimed by the complainants, for the payment of the taxes in question, and in this ruling we think there was no error.

It is provided by section 254 of the Revenue act, (Rev. Stat. 1874, p. 809,) "the taxes assessed upon personal property shall be a lien upon the personal property of the person assessed, from and after the time the tax books are received by the collector." It is provided by a previous section (136), "to each town or district collector's book, a warrant, under the hand of the county clerk and seal of his office, shall be annexed, commanding such town or district collector to collect, from the several persons named in said town or district collector's book, the several sums of taxes therein charged opposite their respective names." And the next section (137) provides, that "in all cases the warrant shall authorize the town or district collector, in case any person named in such collector's book shall neglect or refuse to pay his personal property tax, to levy the same by distress and sale of the goods and chattels of such person; and it shall require all payments therein specified to be made by such town or district collector on or before the tenth day of March next ensuing." And the 51st section of the same act requires, that "the county clerk shall procure, at the expense of the county, a record book, properly ruled and headed, in which to enter the railroad property of all kinds as listed for taxation, and shall enter the valuation as assessed, corrected and equalized, in the manner provided by this act; and against such assessed, corrected or equalized valuation, as the case may require, the county clerk shall extend all the taxes thereon for which the property is liable; and at the proper time fixed by this act for delivering tax books to the county collector, the clerk shall attach a warrant, under his seal of office, and deliver said book to the county collector, upon which the said county collector is hereby required to collect the taxes therein charged against railroad property, and pay over and account for the same in the manner provided in other cases. Said book shall be returned by the collector, and be filed in the office for future use."

It will thus be seen that the warrant is an indispensable part of the tax books, and that it is that which confers power upon the collector to levy and distrain for the payment of the tax. And so, in *Hill et al.* v. *Figley*, 23 Ill. 418, we said: "We have no hesitation in believing that the legislature intended to bind all the personal property in the hands of the tax-payer, from the time the collector receives his warrant until it is paid, precisely as an execution binds the property of the debtor on its delivery to the officer." And again, in *Binkert* v. *Wabash Ry. Co.* 98 Ill. 218, we said: "When the tax books come to the collector's hands, the personal taxes at once, and not before, just like an execution, become a lien upon the personal property which the person assessed then owns, without regard to what he may have owned when the assessment was made." And the same analogy requires us to hold that if no levy shall be made by the expiration of the time within which the collector is required to make return (March 10), the warrant is officially dead, and then all liens which might have been, but were not, perfected by a levy, are gone. *Garner* v. *Willis*, Breese, (Beecher's ed.) 368.

It is here shown no warrants were annexed to the collector's books for the years 1873, 1874 and 1875, and so no distress was nor could have been made for the taxes of those years, nor was nor could there have been any property seized or levied upon for those taxes. For the year 1876 and subsequent years warrants were annexed to the collector's books, but only for the collection of the taxes "for the current years," which, of course, could not embrace the taxes here in controversy.

But it is contended, inasmuch as the back taxes were brought forward each year and extended against the valuation of the railroad property, the want of a warrant was not material. It is not perceived what effect this has upon the question of a lien. Back taxes can not be made a lien,

any more than current taxes, upon personal property, until the collector's books, with a warrant authorizing their collection, is placed in the hands of the collector; and taxes assessed against personal property can only be made a lien upon real property by observing the requirements of the statute in that regard, of which there is no pretense whatever in the present case. *Belleville Nail Co.* v. *The People ex rel.* 98 Ill. 399.

We held in *Binkert* v. *The Wabash Ry. Co. supra,* and in *Gaar, Scott & Co. et al.* v. *Hurd,* 92 Ill. 315, that the purchaser of personal property, under mortgage sale, before a lien for the taxes had attached, took the property free of all claim for the taxes, and, inasmuch as no lien was here perfected upon the property before the purchase and possession by complainants, we can not regard it of consequence whether the mortgage was, or not, properly acknowledged as a chattel mortgage. It was certainly sufficient, where possession was obtained by a purchaser under it, as against subsequent claims.

Counsel, however, make the point, that inasmuch as the decree of the United States Circuit Court, under which the sale was made, provided that the "sale be made subject to all claims legally due for taxes which are a lien upon said extension railroad, prior to said mortgage," and said court, also, at a subsequent time, made an injunction order against the several county treasurers in the collection of these taxes, in which the court expressly provided that the order should be "without prejudice to any of the rights or liens that the said treasurers, or each or any of them, has in or upon said property for said taxes." But counsel, to avail of this, assume the very point in dispute, namely, that these taxes were a prior lien to the rights of complainants. If the tax lien is prior to the rights under the mortgage, the court by this decree preserves it, but not otherwise.

But if we are right in the views heretofore expressed, the taxes are entitled to no such priority. Wright, as receiver,

filed his bill in the circuit court of Peoria county, praying that the tax levied upon the capital stock be enjoined. On hearing in that court his bill was dismissed, and that decree was affirmed in this court, on appeal, in vacation, after the September term, 1877, and that decree is set up and relied upon as conclusive of the relief here sought. The question here is between different parties, and the relief sought is upon different grounds from that there sought. The receiver there attacked the validity of the tax, and denied the liability of the corporation to pay it. Here the validity of the tax is not questioned. It is only denied that complainants, as purchasers of the corporate property, are bound to pay it. This defence concedes the corporate liability, but simply denies that complainants stand in the place of the corporation in that respect.

As respects the taxes of 1873, assessed on account of railroad track, it need only be remarked there was no description of that property, and, consequently, no basis for the tax. *People ex rel.* v. *Chicago and Alton R. R. Co.* 96 Ill. 369.

Perceiving no sufficient reason for disturbing the decree below, it is affirmed.

*Decree affirmed.*


Mr. JUSTICE WALKER: As I understand, in this case the taxes were regularly levied, and when levied they became a lien on the property of the road, and they were continued on the collector's books from year to year, and that, under the statute, continued the lien, whether the warrant authorized the assessor to distrain or not. The statute makes the personal tax a lien on the real estate of the owner, and that was not released by an omission to insert a power of distraint in the warrant, and that lien was kept alive by continuing the tax on the collector's books. This very tax was held legal and valid in *Wright* v. *Allhaus*, at the September term, 1877, of this court. That decision was final, and the

United States Court had no power whatever to review that decision or enjoin the collection of the taxes, nor did or could the injunction of that court operate to release the lien or to change the rights of the parties as adjudged by this court. A mortgagee or lienholder can not enjoin a tax which is a lien on the mortgaged property, until after the return day of the collector's warrant, and then purchase under a foreclosure, and thus cut off the lien for taxes. To permit a tax to be thus defeated is, in my judgment, inequitable. That is what has been done in this case, if not by the purchasers, by their receivers, and who acted for them in obtaining the unauthorized injunction and in purchasing the property. I must therefore dissent.