CHARLES PARSONS *et al.*

*v.*

THE EAST ST. LOUIS GAS LIGHT AND COKE COMPANY.

*Filed at Mt. Vernon January 22, 1884.*

1.  TAXATION—*when a personal tax.*   Taxes assessed on the capital stock of a corporation are a personal property tax.

2.  SAME—*when personal tax becomes a lien.*   A tax on personal property does not become a lien on any personal property until the tax books are delivered into the hands of the collector, and it does not become a lien on real estate until the collector, on failure to collect the tax from personal property, charges the same on such real estate in his application for judgment for delinquent taxes.

3.  SAME—*priority of lien of trust deed.*   A corporation being liable for taxes on its capital stock, gave a deed of trust upon all its property, real and personal, which was duly recorded, after which recording its personal property tax was sought to be charged by the collector against the real estate embraced in the trust deed:   *Held,* that any lien in respect to such taxes was subsequent to that of the deed of trust, and was to be held subordinate thereto.

4.  TRUST DEED—*construed as to payment of taxes.*   A deed of trust given by a corporation provided that on default in any of its terms the trustees were authorized to enter upon the premises and property conveyed, operate the same, and collect all income, rents and profits, and after deducting "all payments for taxes, assessments, charges and liens upon the premises," etc., to apply the same to the debt secured:   *Held,* that such provision constituted no such an agreement on the part of the trustees to pay the taxes on the mortgaged property as a county could enforce as a promise in its favor. By such provision the trustees were authorized to pay taxes and reimburse themselves out of the property, but it imposed on them no obligation to make such payment.

APPEAL from the Circuit Court of St. Clair county; the Hon. AMOS WATTS, Judge, presiding.

This was a bill in chancery, brought by the trustees and bondholders, to foreclose a deed of trust given by the East St. Louis Gas Light and Coke Company, to secure the payment of certain bonds and interest coupons specified in the

deed of trust.    The latter is dated July 1, 1874, was duly recorded, and embraces all property rights, privileges and assets, of whatever kind, then possessed or that might be thereafter acquired by the company.    The suit was commenced May 6, 1880, and at the September term, 1880, William D. Griswold, the principal bondholder, was, by consent of parties, appointed receiver of the mortgaged property pending the foreclosure proceedings.    On the 16th day of December, 1881, a decree was made directing a sale of the mortgaged property.    Authority was given to the bondholders, or any one of them on behalf of all, to become purchasers, and to pay the amount of their bid with bonds and coupons, except enough in cash to pay costs and expenses, and such further sums as might, on the incoming report of sale, be found due any intervenors, there having been intervening petitions filed.    A sale was made by the special master appointed for that purpose, on May 9, 1882, at which William D. Griswold, as trustee for all the bondholders, became purchaser, for the sum of $78,000, leaving a considerable deficiency due under the deed of trust.

After the decree of sale had been made, and on the 20th day of December, 1881, the county of St. Clair filed its intervening petition asking to be paid out of the mortgaged property certain capital stock and personal property taxes due from the East St. Louis Gas Light and Coke Company. Upon hearing on said petition, on September 17, 1883, the court found there to be due from said company, on account of such taxes, the sum of $1257.33, and ordered payment accordingly by the purchaser at the sale.    Griswold, the purchaser, and the trustees and bondholders, appeal to bring in review the propriety of this order of allowance for taxes.

The record shows that the greater portion of the taxes claimed in the intervening petition were assessed on the capital stock of the company for the years 1875 and 1876, the remainder, amounting to $288.45, having been assessed

on its personal property for the years 1876, 1877 and 1878. There being no personal property found out of which to make these taxes, they were prior to 1880 dropped as personal property taxes, and were charged against part of the real estate mortgaged, on the tax books for the years 1876, 1877 and 1878, respectively. They have been carried as a tax against said real estate ever since the time of such charge, and up to May, 1881, and were no longer carried as personal property taxes. For the year 1878 they stood charged against one of the mortgaged lots,—lot 5, in block 8, of the third ferry division of East St. Louis,—and on November 15, 1879, the lot was forfeited to the State for the amount due. They were carried forward against the same lot for the year 1879, and the lot was again, on August 20, 1880, forfeited to the State for the amount due. The receiver was appointed in December, 1880, and when in May, 1881, the collector made application for judgment against the lot, the receiver appeared · and made objection to any judgment. Thereupon the application for judgment was withdrawn, and subsequently this intervening petition of the county of St. Clair was filed.

Mr. W. C. Kueffner, for the appellants:

· The company having mortgaged its property before any levy was made upon the same, and before the taxes became a lien, the mortgagees were not liable for them, nor the property, in preference to the payment of their indebtedness, and a levy and sale of the same for such taxes will be enjoined. *Binkert* v. *Wabash Ry. Co.* 98 Ill. 206.

A tax on personal property does not become a lien on the real estate of the owner until the collector, on failure to collect the same, charges the same on such real estate in his application for such judgment, and after such real estate is conveyed by the owner, his personal tax can not be charged against the lands in the hands of his grantee, even though the grantee had notice at the time of his purchase of the un-

paid personal property tax.    *Belleville Nail Co.* v. *The People,* 98 Ill. 399; *Cooper et al.* v. *Corbin et al.* 105 id. 225.

A petition by a collector of taxes for an order to compel an assignee of the tax debtor to pay taxes due from the person who made the assignment, out of funds in his hands, which fails to show that any property went into the assignee's hands to which a lien could attach in any event, is properly dismissed for want of equity.    *Petition of Johnson,* 104 Ill. 51.

Mr. R. D. W. Holder, and Mr. R. A. Halbert, for the appellee:

The authorities cited to show that these taxes never became a lien on the real estate, and that the taxes can not be collected of the receiver, for the reason that no warrant was in the hands of the officer while the property remained in the company's possession, have no application to the facts of this case.

The trust deed was made prior to any levy, and conveyed everything the corporation had or might ever acquire.    On default the trustees were authorized to enter upon all the property, and hold and operate the same, collect and receive all incomes, etc., and among other things, after deducting "all payments for taxes, assessments," etc., apply the same to the debt, etc.

We insist that in accordance with the terms of the trust deed all taxes and assessments were to be paid, and it was right and proper it should be so.    Everything the corporation had or could acquire in the nature of property, was mortgaged to raise money to construct its works.

Mr. Chief Justice Sheldon delivered the opinion of the Court:

Taxes assessed on the capital stock of a corporation are a personal property tax.    A tax on personal property does not

become a lien on any personal property until the tax books are delivered into the hands of the collector, and it does not become a lien on real estate until the collector, on failure to collect the tax from personal property, charges the same on such real estate in his application for judgment for delinquent taxes. (*Cooper* v. *Corbin,* 105 Ill. 225; *Binkert* v. *Wabash Ry. Co.* 98 id. 206; *Belleville Nail Co.* v. *The People,* id. 399; *Carter* v. *Rodewald, ante,* p. 351.) It does not appear that any personal property was sold in this case on which the taxes in question were a lien, and their levy on the real estate was subject to the prior deed of trust made and recorded in 1874. The tax charged upon the real estate here is not a tax assessed on it, but a tax assessed upon personal property, and sought to be collected by charging the same against real estate. Any lien in respect of these taxes is subsequent to that of the deed of trust, and is to be held as subordinate thereto.

These principles and authorities would seem to be decisive of this case; but they are claimed by appellee to be without application to the facts of the present case, because of the particular provision contained in the deed of trust in respect to payment of taxes. The deed provides, that upon default in any of its terms the trustees are authorized to enter upon all the gas works premises and property conveyed, and operate the same, and collect and receive all income, rents and profits, and after deducting "all payments for taxes, assessments, charges and liens upon said works and premises, to apply the same to the debt secured by the deed of trust;" and in case of a default in payment for three months, the trustees were authorized to sell and dispose of the property, and after deducting all payments made by them for taxes or assessments thereon, to pay over the balance to the bondholders. It is said that thus, by the express terms of the deed of trust, all taxes and assessments were to be paid. We do not so read that there was any agreement here to pay

taxes which the county could avail itself of as a promise in its favor to pay the taxes. The deed no doubt authorized the trustees to make payment of any taxes, and in case of their doing so, to reimburse themselves out of the property; but we can not construe the language as imposing any obligation to pay the taxes, and especially those accruing, as did these, before taking possession of the property. We fail to find, then, in this provision in the deed of trust as to payment of taxes, a ground to sustain the prayer of the petition.

We hold that the bondholders had a paramount lien on the property embraced in the deed of trust for the satisfaction of their debt, and that the circuit court should have dismissed the intervening petition of the county. The decree upon that petition is reversed, and the cause remanded for further proceedings in conformity with this opinion.

*Decree reversed.*