[Civil Nos. 250 and 255.   Filed June 3, 1889.]

[21 Pac. 768.]

TERRITORY OF ARIZONA, Plaintiff and Appellee, v.
   DELINQUENT TAX-LIST OF THE COUNTY OF
   MOJAVE FOR THE YEAR OF 1887. ATLANTIC
   AND PACIFIC RAILROAD COMPANY, Defendant
   and Appellant.

SAME v. DELINQUENT TAX-LIST OF THE COUNTY
   OF YAVAPAI FOR THE YEAR OF 1887. Same Ap-
   pellant.

1. TAXATION—ACTION FOR THE COLLECTION OF DELINQUENT TAXES—
      REV. STATS. ARIZ. 1887, TITLE 56, CH. 7, CITED AND CONSTRUED
      —PROCEEDING IN REM—APPEARANCES GENERAL—OBJECTION LIMI-

TED TO LEGALITY OF TAX.—Proceedings under the statute, *supra*, to collect delinquent taxes are proceedings *in rem.* Any party appearing does so voluntarily, and thereby waives all objections save as to the legality of the tax.

2. STATUTORY CONSTRUCTION—ADOPTION OF STATUTE OF ANOTHER STATE —JUDICIAL INTERPRETATION BY COURTS OF SUCH STATE PRIOR TO ENACTMENT ALSO ADOPTED.—Where the territory has adopted a statute of another state and such statute has been construed by decisions of that state, promulgated before it was enacted by this territory, such construction is also adopted.

3. SAME—EXCESSIVE—POWER OF COURT LIMITED—FRAUD.—The district court in such cases has no power to rectify excessive taxation, except in cases of fraud.

4. SAME—SAME—EQUALIZATION—POWER OF BOARD OF SUPERVISORS— REV. STATS. ARIZ. 1887, PAR. 2649, CONSTRUED.—Where the board of supervisors are empowered to act as a board of equalization by statute, *supra,* and to hear objections to assessments, there is a necessary implied power that they decide the same and carry the decision into effect.

5. SAME — EXEMPTION—RAILWAY RIGHT OF WAY — IMPROVEMENTS — SITUS OF ROLLING-STOCK—RAILWAY CO. v. LESUER, 2 ARIZ. 428, 19 PAC. 157, FOLLOWED.—The exemption of a right of way belonging to a railroad does not carry with it the exemption of improvements attached thereto. *Railway Co.* v. *Lesuer, supra,* followed. This case also determines the *situs* of rolling-stock.

6. SAME—ASSESSMENT—HOW MADE — EVIDENCE — WHAT ASSESSED.— Where the statute provides that assessments shall be made upon various enumerated items, it does not mean that the value of each item by which the conclusion is reached shall appear on the assessment-roll. It means that they shall be considered. Where it appears the right of way and franchise were not regarded as taxable, the record shows the value of these is not included.

7. SAME — PENALTIES — GROSS AMOUNT.—Penalties and percentages should not be fixed at a gross amount and imposed upon the tax upon both the railway and lands.

8. SAME—UNSURVEYED LANDS.—Unsurveyed lands assessed should be excluded.

APPEALS from the judgments of the District Courts of the Third Judicial District in and for the Counties of Mojave and Yavapai. James H. Wright, Judge. Remanded for modification in accordance with opinion.

The facts are stated in the opinion.

William C. Hazeldine, Solicitor for Appellant.   J. A. Williamson, and E. M. Sanford, of Counsel.

John A. Rush, Attorney-General, for Appellee.

Abstracts of the briefs filed in these cases will be found in the Apache County case, *ante,* p. 69.

BARNES, J.—These cases are in this court on appeal from the district court of Yavapai and of Mojave Counties from the judgment against the Atlantic and Pacific Railroad Company for delinquent taxes.   The proceedings are based upon chapter 7 of the revenue laws of the Revised Statutes.   This chapter provides for the publication of the delinquent list by the tax-collector, and for the filing of a complaint thereafter in the district court by the district attorney; and provides that the said court shall thereby acquire full and complete jurisdiction over the lands and property described. The requirements of the statute seem to have been met substantially in these cases.   Many objections are urged which should be considered as mere irregularities or informalities in the proceedings, and which are saved by the statute which provides that no assessment of property, or charge for any of said taxes shall be considered illegal on account of any irregularity in the tax-list, assessment, or duplicate assessment-rolls, or on account of their not having been made, completed, or returned within the time required by law, or on account of the property having been listed without name, or in the name of any other than that of the rightful owner. Power is given the court to amend as in personal actions. If defense, specifying in writing cause of objections, be offered by any person interested in any of said property, the court is required to hear and determine the matter in a summary manner, without pleadings, and shall pronounce judgment as the right of the case may be.   These are proceedings *in rem.*   Any party appearing does so voluntarily, and he thereby waives all objections to the mode of reaching the results, and can be heard only as to the legality of the tax upon the property.   This he cannot avoid by limiting his appearance for the purpose of objections to mere irregularities. The statute above referred to is taken from the revenue law

of Illinois of 1871-1872, and by the courts of that state has received this liberal construction. The law was intended to meet the obstructions which had constantly been placed in the way of the collection of taxes, and to overturn the law as it had been laid down by the courts before that, and by legislative enactment to lay down new rules of procedure and of construction. In a line of decisions in that state, promulgated before this enactment by this territory, this statute had been construed, and by adopting it the construction was also adopted. Prior to the act, if a tax was not levied at the proper time, it was void. *McLaughlin* v. *Thompson,* 55 Ill. 249. It could not be corrected by the legislature. *Billings* v. *Detten,* 15 Ill. 218; *Keating* v. *Thorp,* 15 Ill. 220; *Conway* v. *Cable,* 37 Ill. 82, 87 Am. Dec. 240. If description of land was not certain it was void. *Olcott* v. *State,* 5 Gilm. 481; *Meyer* v. *Pfeiffer,* 50 Ill. 487. Also if not certain in dollars and cents. *Lawrence* v. *Fast,* 20 Ill. 338, 71 Am. Dec. 274; *Gibson* v. *Chicago,* 22 Ill. 572. If part was illegal, whole was void. *McLaughlin* v. *Thompson,* 55 Ill. 249; *Foss* v. *Chicago,* 56 Ill. 359. These are a few of the numerous decisions in that state which led to the enactment of this statute. In *Beers* v. *People,* 83 Ill. 493, that court says that these enactments were no doubt designed "to remove and wipe out all mere technical objections in the raising of the revenue." *Hotel Co.* v. *Lieb,* 83 Ill. 608; *Law* v. *People,* 87 Ill. 417. Again, they say that by this law "nearly, if not all, our previous decisions have been abrogated as rules for the determination of cases arising after the adoption of this amendment. *Thatcher* v. *People,* 79 Ill. 602; *Purrington* v. *People,* 79 Ill. 13; *Wright* v. *People,* 87 Ill. 586; *Moore* v. *Fessenbeck,* 88 Ill. 423; *Railroad Co.* v. *Surrell,* 88 Ill. 535. This disposes of a large number of the points urged upon us by appellant, and it is not necessary to refer to them *seriatim,* and leaves us to consider only those which go to the legality of the tax.

It has been urged that the tax is excessive. The district court, in such a case as this, has not the power to rectify excessive taxation, except in cases of fraud. *Glass Co.* v. *McCaleb,* 81 Ill. 556; *Spencer* v. *People,* 68 Ill. 510; *Insurance Co.* v. *Pollak,* 75 Ill. 292; *Porter* v. *Rockford etc. R. R.*

*Co.,* 76 Ill. 561. Section 2649 of the revenue law provides for the assessment of all taxable property belonging to railway corporations by the board of equalization. The board is required to meet for this purpose on the first Monday in June in each year. On or before the third Monday in June they are required to transmit the assessment to the boards of supervisors of the counties, with the apportionment allotted to each county. The section points out the duty of the board in detail, and it provides that at the meeting in August any railway company may appear and show why such assessment should be lowered or changed. It is contended that the act does not authorize the board to make alterations. The law is not to be construed as permitting so idle a thing as an appearance before a board for the purpose, and yet the board have no power to act. It is a necessary implied power where they are authorized to hear objections that they decide the same, and carry the decision into effect. The record shows that the board, at its June session, did assess the property of appellant; that at the August term appellant appeared before the board, and was heard, and the objections considered and acted upon. These proceedings appear to be regular.

It is contended that, as the right of way of the railway company is exempt, that exemption carries with it the exemption of all improvements attached thereto. That question has been disposed of, so far as this court is concerned, by the case of *Atlantic etc. Ry. Co.* v. *Lesueur,* 2 Ariz. 428, 19 Pac. 157, and we adhere to the decision in that case. That case disposes of another question raised in this case also, viz., the *situs* of the rolling stock. It appears from the record that the right of way was excluded from the assessment. Improvements thereon are assessed. It is contended that as the right of way is by the charter of appellant exempt from taxation its value should be fixed by the board of equalization, so that it clearly appear that the same is not taxed. Out of abundant caution, this would be well. The law provides that "assessments shall be made upon the entire railway within this territory, and shall include the franchise, right of way, roadbed, bridges, culverts, rolling stock, depots, station grounds, buildings, telegraph lines, and all other property, real and

personal, exclusively used in the operation of such railway."
This does not mean that the value of each item by which the
conclusion is reached, shall appear in the assessment-roll. It
means they shall be considered. As they regarded the right
of way and franchise as not taxable, the record shows the
value of these is not included in the result.

We find in the record that the penalties and percentages
are fixed at a gross amount, and are imposed upon the tax
upon both the railway and lands. This was error, and that
item should be stricken out of the judgments.

It is conceded that the lands assessed in Mojave County are
unsurveyed. That item should be stricken out. The judgment
as to the assessment in Mojave County upon the railway of
$28,840.35 is affirmed. The Mojave case is reversed, without
cost, for this modification of the judgment.

As to the Yavapai case, the judgment as to penalties is
reversed for the same reason. The court below is directed to
inquire whether any lands included in the assessment are
without the limits of that county, and to exclude from the
assessment such lands. Also to exclude any lands the court
finds not to have been surveyed as a matter of fact. The
judgment as to the railway tax of $38,028.90 in Yavapai
County is affirmed. Judgment will be rendered in the trial
court according to this opinion, as is provided in section
2692, Revised Statutes.

Wright, C. J., and Porter, J., concur.