A. rehearing is asked in this case upon the ground that instead of judgment being ordered in favor of the plaintiff, a new trial should have been granted, to enable the defendant to show that notwithstanding the action of the board of equalization, fixing the valuation of the road at fourteen thousand dollars per mile, it is not worth more than twelve thousand dollars. The answer alleges that the assessor, with knowledge that the road was only of the value of ten thousand dollars per mile, fraudulently assessed it at fourteen thousand dollars; but there is no charge that the board of equalization acted fraudulently, or otherwise than in good faith, in equalizing the value at the same amount. Under these circumstances we are of the opinion that this defense is not open to the defendant. It was evidently the intention of the legislature that, in the absence of fraud, the action of the board should be final. No review of, or appeal from, their decision is provided for. That is the tribunal specially charged with the duty of equalizing values. If any taxpayer is aggrieved by the action of the assessor, his remedy is by appeal to this board; and if the members thereof act fairly and in good faith in the matter, their judgment concerning the valuation of property is not to be revised by a court, which has no better opportunity than the board for arriving at a correct conclusion.
Fraud in the assessment is one of the defenses allowed the taxpayer by Gen. Stat. Sec. 1108; but clearly this must be such fraud as works the defendant some damage. A fraudulent overvaluation of property attempted by the assessor, can do him no harm if it is corrected by the board. If the board bring their honest judgment to bear upon the matter, and determine that the property has not been over-valued, this determination is conclusive that the assessor's attempted fraud has done the defendant no damage.
Gen. Stat. Sec. 1091, in at least one instance by express *Page 179 
language, makes the action of the board final; and a review of the whole act shows that it was intended to be final in all cases except where fraud intervenes. No further appeal is given, and no more delay contemplated.
In other states where statutes similar to ours have been construed, it has been invariably held, so far as we have found the decisions, that the action of the board of equalization fixing values is final and conclusive, where taken honestly and in good faith. This is the rule in Michigan (Case v. Dean, 16 Mich. 12;McDonald v. City of Escanaba,62 Mich. 556); in Indiana (Rhoads v. Cushman,45 Ind. 85); in Illinois (Insurance Co. v. Pollak,75 Ill. 294); in Wisconsin, Lefferts v. Calumet Co.,21 Wis. 688); in Pennsylvania (Hughes v. Kline, 30 Pa. St. 227); in Maine (Gilpatrick v. Saco,57 Me. 277); in Massachusetts (Lincoln v. Worcester, 8 Cush 55); in Texas (Texas Pac. Ry. Co. v.Harrison Co., 54 Tex. 119); in Arizona (Alantic Pac. Ry. Co. v. Yavapai Co., 21 Pac. Rep. 768); and is laid down as correct by the text-writers, (Cooley, Tax'n 528; 1 Desty, Tax'n 498.) The petition for a rehearing is denied. *Page 180