**Fred L. Murray, Appellee, v. Henry C. Hagmann et al., Appellants.**

**Gen. No. 7,465.**

TAXES—*propriety of temporary injunction against sale of mortgaged realty for personal taxes.* The chancellor properly refused to dissolve a temporary injunction restraining the county collector, county clerk and purchaser of land under a tax sale from selling said land for a certain personal property tax where the bill alleged that the trust deed to said land to plaintiff was a prior lien to such personal property tax; that the personal taxes were illegally made a charge against the real estate; and that the action of defendants was wholly unauthorized by law, was void as to said real estate and tended to impair plaintiff's lien.

Appeal by defendants from the Circuit Court of Lake county; the Hon. CLAIRE C. EDWARDS, Judge, presiding. Heard in this court at the April term, 1925. Affirmed. Opinion filed May 28, 1925.

ASHBEL V. SMITH, State's Attorney, for appellants; SIDNEY H. BLOCK, of counsel.

EUGENE M. RUNYARD, for appellee.

MR. JUSTICE PARTLOW delivered the opinion of the court.

In May, 1923, appellee, Fred L. Murray, filed his bill in the circuit court of Lake county against Henry C. Hagmann, Bertha E. Hagmann, William Martinson and Inga Martinson, to foreclose a trust deed

given to secure a promissory note of $4,000 dated May 1, 1920. The bill alleged that the four persons named were the owners of the real estate conveyed by the trust deed; that on August 31, 1920, they conveyed the real estate to the Kenosha Wheel & Axle Company, of Kenosha, Wisconsin; that on May 19, 1921, the Kenosha Wheel & Axle Company conveyed the real estate to Henry J. Reith, which conveyance was in fact in behalf of the Winthrop Motors Company, and that Reith agreed to hold the real estate as trustee for the Winthrop Motors Company; that the Winthrop Motors Company became a bankrupt in the United States District Court for the Eastern District of Wisconsin, and through its trustee in bankruptcy, by a quitclaim deed dated April 16, 1923, the real estate covered by the trust deed was conveyed, or attempted to be conveyed, to E. C. Read. The bill prayed for a foreclosure of the trust deed.

The appellants in this case, Ira E. Pearsall, county collector, and Lew A. Hendee, county clerk of Lake county, were not made parties to the original bill and were not interested in the issues there presented. Afterwards, on August 25, 1923, appellee amended his bill by alleging that Ira E. Pearsall was the county collector of Lake county, Illinois, and as such county collector had attached to the real estate covered by the trust deed the sum of $849.39, together with interest and costs, for a certain personal property tax against the Kenosha Wheel & Axle Company, or the Winthrop Motors Company, and had advertised said real estate for sale, together with such personal property taxes, and was about to sell said real estate for said taxes, that said real estate may have been occupied by the Kenosha Wheel & Axle Company, or the Winthrop Motors Company, or both, and they may have had personal property in and upon said real estate; that the collector had obtained an order and judgment of the county court of Lake county for the sale of said real estate, which said judgment, in so far as it was for

the personal property tax, was wholly unauthorized by law and void, and tended to impair the lien of the appellee in said premises, which lien was superior to any claim of the collector for personal property tax, and that said collector should be restrained from selling said real estate for such delinquent personal property tax.

The amendment further alleged that by the terms of the trust deed, in order to protect his lien from indebtedness against said property, appellee was authorized to pay all taxes that might be assessed against the real estate, and that he was ready and willing to pay such taxes in the protection of his mortgage indebtedness; that since the filing of his bill he had been informed that said real estate was sold in 1922 for delinquent real estate taxes, together with $770.96, as a personal property tax against the Kenosha Wheel & Axle Company; that said real estate was sold to Fred W. Churchill to whom a certificate was issued by Lew A. Hendee, county clerk of Lake county; that said sale, in so far as the personal property tax was concerned, was void, and that appellee should be permitted to redeem from such sale upon the payment of the amount of the real estate tax, interest and penalties, and that in so far as such sale for personal property tax was concerned the same was subject and subordinate to the lien of appellee on said real estate.

The amended bill prayed that Pearsall, Hendee and Churchill be restrained by injunction from selling said real estate for the personal property tax and interest thereon for the year 1922, and that upon a hearing the court enter a decree finding that the personal property tax so attached was not a lien on said real estate, and that a permanent injunction restrain the county collector from selling said real estate for said personal property tax, and that the county collector and county clerk be enjoined from executing a deed upon

the certificate issued to Churchill for the personal property tax for which the land was sold in 1922, in so far as it affected the lien of the appellee; that the lien of the appellee be decreed to be superior to the sale for delinquent personal property taxes, and that the complainant have such other and further relief, etc.

The bill as amended was sworn to, and a temporary writ of injunction was issued. On May 19, 1924, Pearsall and Hendee moved to dissolve the temporary injunction. The motion was in writing and assigned thirteen reasons appearing upon the face of the bill why the motion should be sustained. On May 28, 1924, the chancellor, without any affidavits having been filed, or any evidence having been heard, denied the motion to dissolve the temporary injunction and from that order Pearsall and Hendee prayed an appeal to the Supreme Court. The Supreme Court refused to entertain the appeal and the cause has been transferred to this court for review.

The only question before this court is whether or not the bill states such ground for equitable relief as justified the chancellor in refusing to dissolve the temporary injunction.

Section 253, ch. 120, Smith's St. 1923, p. 1747 [Cahill's St. ch. 120, ¶ 268], provides that taxes upon real estate shall be a prior and first lien superior to all other liens, from the first day of May in the year in which the taxes are levied until the same are paid. The next section [Cahill's St. ch. 120, ¶ 269] provides that taxes on personal property shall be a lien upon the personal property of the person assessed from and after the time the tax books are received by the collector. Section 255 [Cahill's St. ch. 120, ¶ 270] provides that personal property shall be liable for taxes levied on real property, and real property shall be liable for taxes levied on personal property, but the tax on personal property shall not be charged against real property except in cases of removals, or

where said tax cannot be made out of the personal property. Section 183 [Cahill's St. ch. 120, ¶ 201] provides that when it becomes necessary to charge the personal property tax against real estate, the collector shall select for that purpose some particular tract or lot owned by the person owing such personal property tax and shall charge the tax against the same. *Belleville Nail Co. v. People*, 98 Ill. 399; *Ream v. Stone*, 102 Ill. 359; *Parsons v. East St. Louis Gas Light & Coke Co.*, 108 Ill. 380, and *Carter v. Rodewald*, 108 Ill. 351. Section 224 [Cahill's St. ch. 120, ¶ 240] provides that tax deeds executed by the county clerk shall be prima facie evidence in all controversies and suits in relation to the right of the purchaser, his heirs or assigns, to the real estate thereby conveyed of the following facts: Seventh: That the sale was conducted in the manner required by law. And any judgment for the sale of real estate for delinquent taxes rendered after the passage of the act, except as otherwise provided, shall estop all parties from raising any objections thereto, or to a tax title based thereon, which existed at or before the rendition of such judgment or decree, and could have been presented as a defense to the application for such judgment in the court wherein the same was rendered, and as to all such questions the judgment itself shall be conclusive evidence of its regularity and validity in all collateral proceedings, except in cases where the taxes or special assessments have been paid, or the real estate was not liable to the tax or assessment.

In *Carter v. Rodewald*, 108 Ill. 351, it was sought to levy a personal property capital stock tax against the real estate of a railroad company. A bill was filed to restrain the collector from taking steps to charge the tax against the real estate, and to enjoin the receivers from paying the tax, on the ground that there was a prior trust deed on the property which was for the benefit of the bondholders and that the title was not

in the railroad company. The court held that the interest of the bondholders under the trust deed, having been acquired long before the tax was assessed, the bondholders were entitled to the relief granted to prevent the making of the threatened charge against the real property of this personal property tax, and thus prevent clouding the title and impairing the securities covered by the trust deed.

In *Parsons v. East St. Louis Gas Light & Coke Co.*, 108 Ill. 380, a bill was filed by the trustees and bondholders to foreclose a trust deed, and an attempt was made to collect a personal property capital stock tax levied against capital stock subsequent to the making of the trust deed. It was held that any lien in respect to such taxes was subsequent to that of the deed of trust and was to be held subordinate. To the same effect are *Gaar, Scott & Co. v. Hurd*, 92 Ill. 315; *Binkert v. Wabash Ry. Co.*, 98 Ill. 205.

In *Drake v. Ogden*, 128 Ill. 603, on page 612, it is said: "A portion of the taxes levied were illegal, and the land was not liable for such tax. The fact that a large proportion of the tax was legal does not change the result. The illegal portion of the tax rendered the judgment and sale void. *McLaughlin v. Thompson*, 55 Ill. 249, is a case in point. There it was held that if any portion of the tax upon which a judgment is rendered was illegal, or if the judgment was for too large a sum, a sale and tax deed based upon such judgment would be void. The same doctrine is announced in *Riverside Co. v. Howell*, 113 Ill. 256. As the real estate was not liable for the tax as levied, the judgment did not prevent appellee from relying on the illegality of the tax." It was also held in this case that section 224 of the Revenue Act [Cahill's St. ch. 120, ¶ 240] does not make the judgment against lands for taxes conclusive as an estoppel that the taxes included therein were legal taxes; that it shuts out all objections that might have been urged against the judgment except in cases of payment, or where

the land was not liable for the tax, and that this embraces illegal taxes. To the same effect are *McLaughlin v. Thompson*, 55 Ill. 249; *Riverside Co. v. Howell*, 113 Ill. 256; *Harland v. Eastman*, 119 Ill. 22; *Glos v. Collins*, 110 Ill. App. 121.

The amended bill in the case at bar alleges that the trust deed to appellee was prior to the personal property tax; that the personal taxes were illegally made a charge against the real estate; that this action was wholly unauthorized by law, was void as to said real estate and tended to impair the lien of appellee. Under the authorities cited, the amended bill stated a good cause for equitable relief, the chancellor properly refused to dissolve the temporary injunction and the order will be affirmed.

*Order affirmed.*