JAMES H. CARTER *et al.*

*v.*

FREDERICK RODEWALD *et al.*

*Filed at Mt. Vernon January 22, 1884.*

1. RETURN OF SERVICE—*sufficiency.* A return to a chancery summons was as follows: "I have duly served the within by reading the same, and delivering a true copy thereof to the within named C D, as I am therein commanded. April 18, 1878": *Held,* as showing a valid service, and that the return sufficiently showed that a copy of the writ was delivered, and that the date referred to the time of service, and not to the date of the return.

2. SUMMONS—*description of court.* A summons in chancery, the caption of which was, "State of Illinois, Alexander county, ss.," commanded the defendant to appear "before the circuit court of said Alexander," omitting the word "county." The subsequent words were, "at the next term thereof, to be holden in the city of Cairo, *in said Alexander county,* on," etc.: *Held,* that the omission of the word "county" was a mere clerical omission, and of no consequence.

3. ERROR—*party can not urge error as to one not objecting.* On a bill to enjoin the collection of taxes against a railroad company whose property was in the hands of a receiver, a decree was made enjoining the collection of the taxes, and also the receiver from paying the same: *Held,* that the collector enjoined could not assign for error the decree against the receiver.

4. RECEIVER—*conflict of jurisdiction.* After the appointment of a receiver of an insolvent railway company by the United States Circuit Court, at the suit of certain bondholders, and possession taken by such receiver, the bondholders of the company secured by deed of trust on the real estate of the company filed a bill in the circuit court of the State to enjoin the collection of the personal property tax of the corporation by the sale of the mortgaged property, and to enjoin the receiver from paying the same out of assets in his hands: *Held,* that the fact that the property sought to be made liable for the taxes was in the possession of the United States court, by the receiver, could not affect the jurisdiction of the State court as to the subject matter, and that permission to sue the receiver in the State court might be presumed from the fact of no objection being made.

5. CHANCERY—*when party may sue in his own behalf and that of others.* The holder of a portion of bonds secured by deed of trust given by a railway company, in order to protect the mortgaged property or fund securing his and others' bonds, may file a bill in his own behalf and in behalf of all other holders of such bonds, his interest and that of the others being identical and inseparable.

6. PRACTICE—*default—presumption in favor of ruling below.* On the same day a rule was entered requiring the defendants to answer a bill by a future day, it appeared by entry of record the defendants were defaulted, the decree, however, finding that "the defendants having each failed to answer complainants' bill, as by the rule of the court they were required to do," etc.: *Held,* that as every presumption is in favor of the regularity of the proceedings of a court, it would be taken that the decree asserted the fact, and the inconsistency in dates be regarded as a clerical error.

7. LIEN FOR TAXES—*personal property tax as a lien on real property.* A tax on personal property, as, on the capital stock of a corporation, does not become a lien on real estate until the collector shall select for that purpose some particular tract or lots of real property, and charge the tax against the same in his application for judgment.

8. INJUNCTION—*to prevent seizure of property not liable to tax.* A person who obtains a lien on property prior in time to that of a tax assessed against the owner, is entitled to have enjoined the seizure of such property for the tax.

WRIT OF ERROR to the Circuit Court of Alexander county; the Hon. DAVID J. BAKER, Judge, presiding.

Mr. A. G. DAMRON, Mr. L. M. BRADLEY, Mr. W. V. CHOISSER, and Mr. P. A. PEARCE, for the plaintiffs in error:

The return of service as to Burnett is defective. It should have a service of the "within writ." A statement that he "served the within," is not good. The return should show what was served, and when it was served. The return is dated, but not the date of the service. Carter is commanded to appear "before the circuit court of said Alexander,"—not Alexander county. *Hochlander* v. *Hochlander*, 73 Ill. 618; *Dick* v. *Moore*, 85 id. 66; Practice act, sec. 4.

The Federal court alone had cognizance of the matter. High on Receivers, sec. 48. See, also, *Richards* v. *People*, 81 Ill. 551.

The court had no jurisdiction over any bondholder except Rodewald, and yet the decree is in his favor and in favor of all other bondholders.

When the decree was entered defendants were not in default, as the time they were required to answer had not expired. This was error. *Pratt* v. *Grimes*, 35 Ill. 164; *Clark* v. *Ewing*, 87 id. 344.

The whole property was bound for the payment of the tax, and the bondholders were as much interested in shielding the rolling stock from taxation as the real estate. Taxes on personal property may be properly charged upon real estate. Revenue act, secs. 255, 183; *Schæffer* v. *People*, 60 Ill. 179.

A court of equity will not take jurisdiction to restrain the collection of a tax for mere irregularity. *Vieley* v. *Thompson*, 44 Ill. 13.

The general doctrine as to when equity will interpose, is stated in *Du Page County* v. *Jenks*, 65 Ill. 286; *Lemont* v. *Singer & Talcott Stone Co.* 98 id. 102; *Munson* v. *Miller*, 66 id. 380; *Union Trust Co.* v. *Weber*, 96 id. 346.

The remedy, if any, was at law, and defence could have been made in the county court. Revenue act, sec. 190;

*Archer* v. *Terre Haute R. R. Co.* 102 Ill. 493; *Foss* v. *Chicago,* 56 id. 359; *Pease* v. *Chicago,* 21 id. 500.

Messrs. GREENE, BURNETT & HUMPHREY, for the defendants in error:

The summons, with the return thereon as to Burnett, was filed with the clerk October 22, 1877. The service and return must have been made before that time. *Rivard* v. *Gardner,* 39 Ill. 127; *Banks* v. *Banks,* 31 id. 162; *Reddick* v. *State Bank,* 27 id. 145; *Timmerman* v. *Phelps,* id. 496; *Coursen* v. *Hixon,* 78 id. 339.

Before this tax became any lien the railroad company had been divested of the property, and the tax warrants subsequently issued could not attach as liens upon the same as against prior liens and rights of creditors. *Ream* v. *Stone,* 102 Ill. 359; *Binkert* v. *Wabash Ry. Co.* 98 id. 205; *Gaar, Scott & Co.* v. *Hurd,* 92 id. 315.

The suit was properly brought by complainant for himself and on behalf of all other bondholders, their interests being identical and inseparable. Story's Eq. Pl. secs. 97–115.

As every presumption is in favor of the regularity of the proceedings of a court, it will be taken that the decree finding that the defendants failed to answer as required by the rule, is true, and this court will treat the inconsistency in the dates shown, as a clerical error, and disregard it.

The jurisdiction of a court of equity in a case of this class is very manifest. *Hickey* v. *Forrestal,* 49 Ill. 255; *Ohling* v. *Luitjens,* 32 id. 33.

Mr. CHIEF JUSTICE SHELDON delivered the opinion of the Court:

This was a bill in chancery to restrain the collectors of taxes of certain counties from taking any steps for the purpose of charging the capital stock tax for the year 1873, assessed against the Cairo and Vincennes Railroad Company

upon the road-bed, right of way, railroad track and real estate of said railroad company, and to enjoin the receivers of said company from paying such tax. The defendants failing to make answer to the bill, a decree *pro confesso* was entered against them, in accordance with the prayer of the bill. The collectors of taxes sued out this writ of error.

The first error assigned is as to supposed defects in the service of process. The return of service upon the defendant Burnett is:

"I have duly served the within by reading the same, and delivering a true copy thereof to the within named George E. Burnett, as I am therein commanded.

"April 18, 1878.          JAMES H. PEASE, *Coroner.*"

It is objected that the return does not show a copy of *what* was delivered, or the time of service,—that the date appearing is that of the return, not of the service. The return being indorsed on the summons, stating that the *within* was delivered, is a statement that the summons was delivered. The date which appears refers with sufficient certainty to the time of service, and is to be taken as that, and not the time of the return. *Chic. and St. Louis R. R. Co.* v. *Holbrook,* 92 Ill. 299.

It is objected that the defendant Carter is commanded to appear "before the circuit court of said Alexander,"—not Alexander county. This is a mere clerical omission, of no consequence. The caption of the writ is, "State of Illinois, Alexander county, ss.," and the words which follow, commanding the defendant "to appear before the circuit court of said Alexander, at the next term thereof, to be holden in the city of Cairo, *in said Alexander county,* on," etc., inform the defendant of what the omission was, and that it was the circuit court of Alexander county before which he was to appear.

In a suit in the United States Circuit Court for the Southern District of Illinois, there had been appointed two persons receivers of the railroad, and it is alleged to be error that the

State court took jurisdiction of the receivers, and decreed a perpetual injunction against them,—that the United States court alone had cognizance of the matter. The receivers are not parties to the writ of error, and as they are not complaining of the decree, the court is not called upon to review it as against them. But if it were, we should find no error. The object of the bill was to enjoin the collection of taxes assessed by the authorities of the State, and the fact that the property sought to be made liable for the taxes was in the possession of the United States court, by the receivers, could not affect the jurisdiction of the State court as to the subject matter. The receivers might have objected to being sued in the State court, but did not. The receivers might be sued in the State court, with the permission of the court appointing them, and no objection having been made, such permission may well be presumed.

It is objected that the court had no jurisdiction over any bondholder except the complainant Rodewald, and yet that the decree·is in his favor and in favor of all other bondholders—that the other bondholders should have been made defendants, as unknown bondholders. The only ground for this objection is that the complainant Rodewald states, in his bill, that he brings the suit on his own behalf, as a bondholder, and on behalf of all other bondholders of mortgage bonds of the railroad company, which the property in question had been mortgaged to secure. The decree is not in terms in favor of all the bondholders. The relief prayed and granted was such as would have been granted, if at all, in behalf of complainant suing alone. His interest extending to the entire property threatened, entitled him to the protection of the ·court in that regard, and to all the relief granted, independent of the other bondholders; and the interest of all the bondholders was so identical and inseparable, that he was entitled to sue in behalf of all, as well as in his own behalf. It is· a common form of suit in such cases.

Another assignment of error is, that on May 20, 1878, a rule was entered upon the defendants to answer the bill by the following Wednesday morning, and that on the same day the rule was entered the defendants were defaulted. It is true that the transcript of the proceedings does so show, but the decree itself finds that "the defendants having each failed to answer complainants' bill, *as by the rule of the court they were required to do,* and each of said defendants being three times solemnly called, came not, but made default." As every presumption is in favor of the regularity of the proceedings of the court, we may take the fact to be as asserted by the decree, that the defendants had failed to answer, *as required by the rule,* and regard the inconsistency in the dates as a clerical error.

As respects the merits of the case, the mortgage or deed of trust of the railroad property, to secure the payment of the bonds of the company, was made in 1871. All the bonds had been sold on the market prior to January 1, 1873. The capital stock tax in question was assessed in the year 1873. This capital stock tax is a personal property tax, and although, by section 255 of the Revenue act, real property is made liable for taxes on personal property, it is provided that the tax on personal property shall not be charged against real property, except in case of removals, or where the tax can not be made out of the personal property. Section 183 of the act provides how the tax on personal property shall be charged against real property; that the collector of taxes shall select for that purpose some particular tract or lots of real property owned by the person from whom the personal property tax is due, and in his advertisement for judgment against and sale of lands delinquent for taxes, shall designate the particular tract or lots of real property against which such personal property tax is charged, and in the list filed for such judgment the same shall be shown, and that the court shall give judgment against such tract or lots of real property for such personal property tax.

A tax on personal property does not become a lien on real estate until the collector of taxes shall select for that purpose some particular tract or lots of real property, and charge the tax against the same, as above named. *Belleville Nail Co.* v. *The People,* 98 Ill. 399; *Ream et al.* v. *Stone et al.* 102 id. 359; *Parsons* v. *East St. Louis Gas· Light Co., post,* p. 380. And see *Binkert* v. *Wabash Ry. Co.* 98 id. 206; *Cooper* v. *Corbin,* 105 id. 225. The corporation against whom the personal property tax was assessed had parted with all interest in this real estate in which the bondholders were interested. The decree finds that the equity of redemption was of no value whatever, and that the property was no longer in the possession of the corporation, but was in the hands of the court by its receivers. There was nothing against which this tax could be charged, except property belonging exclusively to the bondholders, or held for their benefit. Their interest having been acquired long before the tax was assessed, the bondholders, we think, were entitled to the relief granted, to prevent making the threatened charge against the property of this personal property tax, and thereby clouding the title and impairing the security.

As to the suggestion that the remedy was at law, and not in chancery, this court has frequently held that one who obtains a lien on personal property prior in time to a tax assessed against the former owner, is entitled to have enjoined the seizure of such property for the tax. *Ream* v. *Stone,* 102 Ill. 359; *Binkert* v. *Wabash Ry. Co.* 98 id. 205; *Cooper* v. *Corbin,* 105 id. 225.

As to the decreeing of costs against the defendants, that being a matter resting in the discretion of the circuit court, under the statute, we do not see proper to interfere with the exercise of such discretion. ·

The decree will be affirmed.

*Decree affirmed.*