JAFFRAY & CO. v. ANDERSON ET AL.

1. **Taxes:** ON PERSONAL PROPERTY: NOT A LIEN THEREON: SALE OF PROPERTY FREE FROM TAX. Taxes levied upon personal property become a lien on any realty which the owner of such property may possess, or which he may acquire, (Code, § 865,) but not on the personalty itself; and when such personal property is sold and transferred to another after the levy and before the payment of the taxes upon it, it cannot be subjected to the payment of such tax.

*Appeal from Lee Circuit Court.*

WEDNESDAY, SEPTEMBER 23.

THE plaintiff by this action seeks to enjoin the defendant Anderson, who is treasurer of Lee county, from distraining certain goods and merchandise for the purpose of collecting the state, county and other taxes thereon for the year 1884. There was a demurrer to the petition, which was sustained. Defendants appeal.

*R. M. Marshall,* for appellants.

*McCrary & Hagerman,* for appellees.

ROTHROCK, J.—It appears from the allegations of the petition that on the first day of January, 1884, one Bostwick was the owner of a stock of merchandise, which was in a

store-room in the city of Keokuk. The said goods were assessed for taxation, for the year 1884, to Bostwick, at a valuation of $5,200, and taxes were levied thereon for state, county and other purposes, amounting to $137.80. On the sixth day of December, 1884, the plaintiffs purchased said goods from Bostwick, without notice of any claim for taxes thereon. The question presented by the petition and demurrer thereto is whether the plaintiffs took said goods charged with a lien in favor of the state and county for the taxes assessed thereon to Bostwick. It is a general principle appertaining to the law of taxation that taxes are not a lien upon the property of the tax-payer, unless a lien is expressly created or provided for by statute. 2 Desty, Tax., 732; 2 Dill. Mun. Corp., § 659.

The statutes of this state, so far as pertinent to the question under consideration, are as follows: "No demand of taxes shall be necessary, but it is the duty of every person subject to taxation to attend at the office of the treasurer, unless otherwise provided, at some time between the second Monday of November and the first day of February, and pay his taxes, and if anyone neglects to pay them before the first day of February following the levy of the tax, the treasurer is directed to make the same by distress and sale of his personal property not exempt from taxation, and the tax-list alone shall be sufficient warrant for such distress." Code, § 857. Section 859 provides that "immediately after the taxes become delinquent, each county treasurer shall proceed to collect the same by distress and sale of the personal property of the delinquent tax-payers.      *      *      *" Section 865 is as follows: "On the first day of February the unpaid taxes, of whatever description, for the preceding year shall become delinquent and shall draw interest as hereinafter provided; and taxes upon real property are hereby made a perpetual lien thereon against all persons except the United States and this state, and taxes due from any person upon personal property shall be a lien upon any real property

owned by such person, or to which he may acquire a title. The treasurer is authorized and directed to collect the delinquent taxes by the sale of any property upon which the taxes are levied, or on any other personal or real property belonging to the person against whom the taxes are assessed."

It will be observed that no specific lien is created by the law above cited, excepting upon real property. The taxes upon real property, and any taxes upon personal property of the owners of real property, are made a lien upon the real property owned by such person. But no lien is provided for as against personal property. Sections 857 and 859 provide for distraining the property of the delinquent tax-payer. There is no authority therein for distraining the property of a purchaser of personal property upon which a tax has been levied. Appellant claims that a lien upon personal property is created by section 865. The latter part of that section is a direction to the treasurer to collect the delinquent taxes by a sale of any property upon which the taxes are levied, or any other personal or real property belonging to the person against whom the taxes are assessed. This language does not create a lien upon personal property. It is a mere requirement that the treasurer shall distrain the property upon which the tax was levied, if owned by the tax-payer, or he shall distrain any other property owned by him. If it had been the intention of the legislature to create a lien upon personal property for taxes levied thereon, and thus embarrass its sale and delivery, so that no person could safely purchase the same without an examination of the tax-books to ascertain if the same is taxed, the language employed would leave no doubt of the intent. We do not feel called upon to hold that such was the intention, and thus seriously interfere with the business interests of the country, which requires that the transfer of personal property shall not be attended with any such restraints.

                                                            AFFIRMED.