MILLER v. ANDERSON *et al.* AND SPINK CO., S. D.

1. There is no lien on real estate for taxes, except by force of statute, and a statute creating such lien must be strictly construed. Such statutory lien cannot be enlarged by construction.

2. Section 1612, Comp. Laws, declaring that "taxes due from any person upon personal property shall be a lien upon any real estate owned by such person, or to which he may acquire title," creates a lien simply in favor of the tax creditor upon such real estate, and such lien has no greater force than the statute expressly gives it.

3. The legislature having manifested no intention of giving it peculiar or extraordinary force, or of defining its rank as a lien, such questions must be governed by the general statutes of the state on the subject of liens.

(Syllabus by the court.    Argued Oct. 28, 1890.    Opinion filed Feb. 5, 1891.)

Appeal from circuit court, Spink county.   Hon. A. W. CAMPBELL, Judge.

Action to foreclose a mortgage upon certain real property. The defendant, Spink county, interposed a general demurrer to the complaint for insufficient facts, which demurrer was sustained.   Plaintiff appeals.   Reversed.

The material facts are stated in the opinion.

*L. H. Hole, Alva E. Taylor* and *John L. Pyle,* (*Bartlett Tripp* and *E. B. Soper of counsel*), for appellant.

Taxes are not a lien upon real estate unless made so by express legislative authority.   Cooley on Taxation, pp. 305, 201; Hine v. Commissioners, 19 Wall. 655.    Statutes creating such a lien are to be strictly construed, and against the government, and the lien thereby created cannot be enlarged by implication.   United States v. Wigglesworth, 2 Story 369; Cooley on Taxation, 202; Warrington v. Furbor, 8 East. 242; Williams v. Sangor, 10 East. 66; Denn v. Diamond, 4 B. & C. 44; Thompson v. Ashly, 6 Id. 541; Doe v. Straith, 8 Bing. 147; Wroughton v. Turtle , 11 Mees. & W. 561.

Personal property taxes under Section 1612, Comp. Laws, do not become a lien upon land superior to existing liens upon it.   State v. Newark, 42 N. J. L. 38; Desty on Taxation 847; Morgan v. Clay County, 27 Kan. 229; Nashville v. Cowen, 10

Lea. 209; Burker v. Railroad, 98 Ill. 218; O'Neill v. Druyer, 31 N. J. Eq. 507; Morrow v. Daws, 28 N. J. Eq. 459; Gates v. Dawson, 23 Grat. 12; Cooper v. Corbin, 105 Ill. 224; Schaeffer v. People, 60 Ill. 179; Gaar v. Hurd, 92 Ill. 315; Bellville Nail Co. v. People, 98 Ill. 309; Gilman v. Sheboygan 2 Black 510; Parsons v. Gas Light Co., 108 Ill. 384; Railroad v. Roach, 80 N. Y. 343.

*R. B. Hassell* and *John H. Myers*, for respondent.

It is competent by legislation to declare that taxes shall constitute a lien and as such take precedence of all other claims and liens whatsoever. Cooley on Taxation, pp. 298, 305; Anderson v. State. 23 Miss. 459; Bailey v. Fuqua, 24 Miss. 497; Oldham v. Jones, 5 B. Mon. 458; Covington v. Boyle, 6 Bush. 204; Isaac v. Dicker, 41 Ind. 410.

The apparent injustice of a particular tax cannot defeat it when it is demanded under general rules which the legislature has prescribed for the general good. Nail Factory Co. v. Weed, 17 Mass. 53; Bank v. Fenno, 8 Wall. 553; Weston v. Charleston, 2 Pet. 449. Revenue statutes are remedial in their character and are to be construed liberally to carry out the purposes of their enactment. United States v. Hodson, 10 Wall. 395; Cooley on Taxation, p. 199.

Under the provisions of Section 1612, Comp. Laws, personal property taxes become a lien upon realty superior to any existing liens upon it. New England Loan & Trust Co. v. Young, 39 N. W. 116.

KELLAM, J. This action was brought by appellant to foreclose a mortgage upon real estate in the county of Spink, made by said respondent Anderson to appellant Miller, on the 11th day of March, 1886, and duly recorded in the office of the register of deeds of said Spink county on the 22d day of April, 1886. The complaint is in the usual form, and alleges as to the defendant Spink county: "*Sixth.* That the defendant Spink county claims to have some interest in said property, or lien thereon by virtue of an assessment for taxes against said defendant Peter J. Anderson for the year 1887 and for the year 1888, while said Anderson was the owner of the equity of re-

demption in said real estate. That plaintiff alleges that said taxes were assessed on the personal property of said Peter J. Anderson for the year 1887 for twenty-six dollars, and on the personal property of said Peter J. Anderson for the year 1888 for twenty dollars; and plaintiff alleges that said taxes were assessed after the recording of said mortgage to plaintiff, and whatever lien they may be on the interest of said Anderson in said real estate is subsequent and inferior to the lien of plaintiff's mortgage." To this complaint the defendant Spink county demurred on the following grounds: "That said sixth paragraph, which is the only paragraph in said complaint alleging any cause of action against said defendant, does not state facts sufficient to constitute a cause of action." This demurrer was sustained, and from such judgment this appeal is taken. The record presents this single question: Were the taxes assessed against defendant Anderson upon his personal property in the years 1887 and 1888 liens upon the real estate described, prior and superior to the lien of the mortgage thereon, executed March 11, 1886, and recorded April 22, 1886? The answer must depend upon the construction and effect given to Section 1612, Comp. Laws, for only by force of statute are taxes liens upon the tax debtor's property of any kind. Hine v. Commissioners, 19 Wall. 655; Jaffray v. Anderson, 66 Iowa, 719, 24 N. W. Rep. 527; Philadelphia v. Greble, 38 Pa. St. 339. Said Section 1612 is as follows: "Taxes upon real property are hereby made a perpetual lien thereupon against all persons and bodies corporate, except the United States and the territory, and taxes due from any person upon personal property shall be a lien upon any real property owned by such person, or to which he may acquire a title." If the first paragraph of this section were not in existence, and the only taxes which were made liens by any statute were personal property taxes, (and that is the language of the second paragraph of this section,) we seriously doubt if there would be room for question as to its meaning or effect. Statutory liens are not infrequent, and it may be opportune, if not helpful, to notice a few of them, the language by which they are created, and the conceded le-

gal effect of such language. By Section 5104, Comp. Laws, a docketed judgment is "a lien on all the real property * * * of every person against whom any such judgment shall be rendered, and which he may have at the time of the docketing thereof * * * or which he shall acquire at any time thereafter. Comparing these two provisions,—the one as to the lien of personal property taxes, and the other as to the lien of a judgment,—we discover nothing in their language to justify giving them a radically different effect, or to suggest that the law-makers so intended. In each case the subject of the lien is the same; "the real property" of the debtor, and the extent of the lien, so far as described, is the same. It is simply a "lien." By Section 5562, Compiled Laws, it is provided that "from the time of filing such complaint [in bastardy proceedings] a lien shall be created upon the real property of the accused * * * for the payment of any money and the performance of any order adjudged by the proper court." Here, again a lien is declared, not upon the interest of the accused in real property, but upon the real property itself, precisely as in case of personal property taxes. Other instances might be cited in which in nearly, if not the identical, language employed in said Section 1612, the statute has created liens upon real estate, but it has never to our knowledge been claimed that the term "lien," so used, meant necessarily a first lien. By what right or rule of construction are these words occurring in said Section 1612 compelled to carry an entirely different meaning from that universally given and conceded to them when found elsewhere? Is it because of the character of the lienholder,—in one case, generally a private party, and, in the other, the sovereign? or on account of the purpose of the tax and the object of making it a lien, to-wit, to promote and secure public revenues? If either or both, then why is not the same construction claimed for the statute making fines in criminal actions a lien on the real property of the defendant? The beneficiary is the same in both cases, the fine goes with the tax to increase the public revenue, and the object of making it a lien is to secure its collection as in case of the tax, and in respect

to both the legislative will and intent is declared almost in the same words. Under our statute a mechanic "shall have a lien" for his labor upon "the building; erection, or improvement, and upon the land belonging to such owner,". but it is evident that in the judgment of the legislature this alone did not create a lien precedent to those already existing, but intending that effect, they regarded it as necessary to so specifically. provide by Section 5480. But reading the entire Section 1612 together, it is inexplicable to us, why, if the legislature intended to put both real and personal property taxes on a common footing, and make them both liens to the same extent and of the same rank, they should not have used terms at least suggestive of such intent. If by force of a general principle, as stated in the majority opinion of the supreme court of Iowa, hereinafter referred to, the lien declared was necessarily a first one, why was it not as safe to rely upon that principle in the case of real estate taxes as in the case of personal property taxes? As to the former they were careful to state that the lien was "against all persons," thus definitely fixing its rank as a lien, and then in direct contradistinction as to personal property taxes, they provide that they shall simply be a lien. Gathering the meaning and intent of this act from its language, (and this is a primary rule of construction,) we conclude that that part of said Section 1612 which relates to personal property taxes gives a lien for the same to the tax creditor from the time they become due upon any real property then owned or subsequently acquired by the tax debtor, subject, however, as in case of other liens created by law, to general statutes governing questions of priority or rank. Impressed with this interpretation, Section 4335, Comp. Laws, answers all there is left of this question. "Other things being equal, different liens upon the same property have priority according to the time of their creation, except in cases of bottomry and *respondentia*." The lien of appellant's mortgage attached, as against respondent Spink county, in April, 1886. The taxes became due and thereupon a lien in 1887 and 1888 respectively.

Since the argument of this case the supreme court of Iowa

in Trust Co. v. Young, 46 N. W. Rep. 1103, has announced its opinion upon rehearing, and a majority of the court has adhered to its former opinion reported in 39 N. W. Rep. 116. Knowing well the ability and high standing of that court, we have tried to conform our views to those expressed by the majority of that court, but we are unable to do so. That opinion says: "It is a general principle in our system of taxation that when taxes are made a lien upon real estate they become prior and superior to all mortgage or judgment liens." If this were conceded, it would still leave unsolved the question presented under this statute; for it would remain to be explained why, in view of this general principle, the legislature should have so carefully distinguished between taxes on the real estate and taxes on personal property, the one to be a "perpetual lien thereupon against all persons," and the other simply "a lien;" and very little ingenuity, either in law or logic, would be required to construct thereupon a very plausible argument that the legislature did not intend to adopt such general principle, but did intend to discriminate between the two kinds of taxes. But, if such principle is general, as so declared, it must have been often enunciated, or at least referred to in the books, but we do not remember to have seen the doctrine so broadly stated elsewhere. It is undoubtedly a common provision in statutes that taxes assessed upon real estate are first liens upon such real estate, but we doubt if the general principle or rule goes further. These are the taxes referred to in the opinion of the court in Ostenberg v. Trust Co., 93 U. S. 426, where it said: "A lien for taxes does not stand upon the footing of an ordinary incumbrance, and is not displaced by a sale under a pre-existing judgment or decree, unless otherwise directed by statute. It attaches to the *res*, without regard to individual ownership." In that case the contention was by a purchaser at foreclosure sale over taxes assessed against the very property upon which it was claimed they were a lien, and it is apparent, both from the language of the opinion and the facts in the case, that it was concerning such taxes that the above expression was used, and, so limited, is in direct line with our

statute as we read it. The same is true of Spratt v. Price, 18 Fla. 303, where the nature of a tax-lien is discussed and the opinion of the court is confined to the extent and effect of a tax-lien upon the very real property against which the tax was assessed. The general rule is, as before stated, that taxes are not a lien, unless expressly made so by the statute, and, when so made. the lien is not to be enlarged by construction, (Cooley, Tax'n, 444; Jaffray v. Anderson, 66 Iowa, 719, 24 N. W. Rep. 527;) or, as stated by Desty in his work on Taxation, p. 734: ''The lien on real estate for taxes has no existence unless there be some statute creating it, and such statute must be strictly construed." Is it a strict construction of this provision declaring in general terms that personal property taxes shall be a lien upon real estate to hold that under it they shall be a first lien; not simply a lien, as in other cases where liens are created by statute, but a lien with the added and extraordinary qualification that it shall displace all existing liens, and be paramount to them? If so, what might not the statute be made to mean under a liberal construction? If in this particular instance these words mean so much more than when used elsewhere in the statutes, is not their meaning "enlarged by construction?" While the true meaning and effect of this provision, if ambiguous, (which we doubt,) must be determined by the application of recognized rules of construction, it is proper to consider the effect of either interpretation with a view of ascertaining whether the legislature probably intended a construction that would lead to such consequences.

The construction of this section claimed for it by respondent might, and probably would, in many cases impair, if not totally defeat, pre-existing liens taken in good faith, and in strict pursuance of the most ca:eful business methods. A long-time mortgage, for a considerable portion of the purchase money of a farm, is taken, and such instances are not rare. It might not be unreasonable to say, as suggested in the majority opinion in the Iowa case, that the mortgagee should see to it that he has sufficient margin to protect himself against the

personal property taxes of the mortgagor; but during the term of the mortgage the mortgagor may sell to another, from whom personal property taxes to a large amount may be due, and he in turn to another in the same condition, and so on, and these delinquent personal property taxes, no matter to what amount, attach at once as fast as the tax debtors take their titles as liens upon the real estate, prior and paramount to the mortgage, and possibly to its utter annihilation as security. The original owner of the farm, who took the mortgage in good faith, and with ample security for the debt it represented, is powerless to prevent these transfers, and how can he protect himself? Such a case would not, we think, be an improbable one. There are; we suppose, many pieces of real property in this state upon which are mortgages originally taken with a fair magin, but by depreciation and the accumulation of interest and taxes, the incumbrance now equals the value of the land. A tax debtor from whom is due a large amount of personal property taxes, uncollected on account of the transitory nature of the property upon which it was assessed,—property easily placed and kept out of the convenient reach of the tax collector,—has only to find such a piece, procure the title for a nominal sum, and at once his delinquent taxes give him no further trouble, for they at once become a first lien upon and the mortgaged land must pay them. But who pays them? Plainly not the tax debtor, but an absolute stranger to him and to the indebtedness; and he is compelled to pay them solely as the result of acts of others which he could not control, and against which no human prudence could have provided. Instances like this might be rare, but they are possible under the construction claimed by respondent, and, we think, not improbable; and to quote from the dissenting opinion of GRANGER, J., in the Iowa case: "Such a law could have no vindication against a single instance of such injustice." We will not stop now to discuss the power of the legislature to enact such a law, for we do not think they have attempted to do so.

We should have much confidence in our conclusions as to the correct interpretation of this section, upon considerations

of common honesty and justice, if unaided by judicial utter-
ances in analogous cases. In the case of State v. City of New-
ark, 42 N. J. Law, 38, the contention was as to the proper con-
struction and effect of the following provision in the charter of
the city of Newark: ''That every assessment of taxes hereaf-
ter made in the city of Newark against any person or persons
shall be and remain a lien on all lands and real estate of such
person," etc. Here the lien, as to extent and rank, is cre-
ated in the same language as used in the section of our statute
under consideration, but the court held unanimously that such
taxes were not liens prior to existing mortgages. The court,
in its opinion, says: ''To declare that a mortgage on land
shall be subsequent and subject to all after taxes assessed up-
on the personal estate of the owner of the equity of redemp-
tion differs but slightly from taking the property of one citizen
to pay the debt of another. The injustice of such a proceed-
ing would be so striking as to cast a doubt upon the correct-
ness of the interpretation which established such a rule. A
fair construction of the seventy-seventh section of the charter
before cited (*supra*) will not lead to that result." In the state
of Illinois personal property taxes are made a lien upon real
estate by means of a judgment, but it has been held by the
supreme court of that state in several cases that such a lien,
when established, is subordinate to liens already existing.
Carter v. Rodewald, 108 Ill. 351, was an action by mortgage
bondholders to restrain tax collectors from taking steps for
the purpose of charging personal property taxes against the
real estate covered by such mortgage bonds, and the court
said: ''Their interest having been acquired long before the tax
was assessed, the bondholders, we think, were entitled to the
relief granted to prevent making the threatened charge against
the property of this personal property tax, and thereby cloud-
ing the title, and impairing the security." Again, in Parsons v.
Gas-Light Co., Id. 380, the court said: ''The tax charged up-
on the real estate here is not a tax assessed on it, but a tax
assessed upon personal property, and sought to be collected by
charging the same against real estate. Any lien in respect of

these taxes is subsequent to that of the deed of trust, and is to be held subordinate thereto." The statutes under which these decisions in New Jersey and Illinois were made present no difference, either in language or theory, from ours, which would justify any discrimination between them as to their proper interpretation and effect in this respect, and we are of the opinion, as already expressed, that Section 1612, Comp. Laws, declaring in general terms that "taxes due from any person upon personal property shall be a lien upon real property owned by such person, or to which he may acquire a title," creates a lien in favor of the tax creditor upon such real estate, but that such lien, depending alone upon this statute, has no greater force than the statute expressly gives it, and, the legislature having manifested no intention of giving it peculiar or extraordinary force, or of defining its rank as a lien, such questions must be governed by the general statutes of the state upon the subject of liens. In our opinion, the demurrer should have been overruled, and the judgment of the circuit court sustaining it is reversed. All the judges concurring.