## McGILLIVRAY v. McGILLIVRAY *et al.*

1. In an action to foreclose a real estate mortgage on property on which a county has a junior lien, by virtue of taxes assessed upon the personal property of the mortgagor, defendant county's answer, alleging payment and cancellation of the note, and that the mortgage has been kept outstanding in order to defeat the lien of the county for its personal property tax, states a good defense; and a further allegation that the mortgage was kept outstanding in order to defraud the minor heirs of the intestate mortgagor may be treated as surplussage.

2. Surplussage in a pleading may subject it to a motion to strike out the redundant and irrelevant matter, but does not render the pleading demurrable.

3. The court, upon a trial, will grant such relief as the facts pleaded will warrant, without regard to the prayer for relief.

(Opinion filed Aug. 19, 1896.)

Appeal from circuit court, Lake county. Hon. JOSEPH W. JONES, Judge.

Action by Norman D. McGillivray against Adella R. McGillivray, the county of Lake, and others to foreclose a mortgage. From a judgment in favor of plaintiff, defendant Lake county appeals. Reversed.

The facts are stated in the opinion.

*Oscar O. Murray,* for appellant.

The allegation in the complaint that no proceedings have been had at law or otherwise, etc., was put in issue by appellant's answer, and proof should have been given on this point.

§ 5434, Comp. Laws; Fisher v. Bouisson, 57 N. W. 505. The taxes assessed against said lot, and on the personal property of decedent for the same year, became due and a perpetual lien on said lot before any administrator was appointed. Miller v. Anderson, 1 S. D. 539, 47 N. W. 957.

*F. L. Soper*, for respondent.

The ancient rule prohibiting an administrator from purchasing property belonging to the estate at the sale, or purchasing claims against the estate, is almost, if not quite, abrogated by the trend of modern decisions, and especially those in America. Schouler on Ex. & Ad., § 358; Furth v. Wyatt, 30 Pac. 828; Reed v. Knell, 23 N. Y. Sup. 941; Williams v. McGrath, 13 N. W. 638.

Corson, P. J. This was an action to foreclose a real estate mortgage. Judgment was rendered for the plaintiff, and the defendant Lake county appeals. On January 1, 1887, Murdock J. McGillivray and Adella R. McGillivray, his wife, executed a promissory note, secured by a mortgage on property in the city of Madison, Lake county, to the American Mortgage & Investment Company, for the sum of $2,000, payable in five years from the date thereof. This note and mortgage were transferred, and, by various assignments, came into the hands of the plaintiff, who is now seeking to foreclose the same. Late in 1894 the said Murdock McGillivray died, intestate, leaving Adella R., his widow, and several minor heirs. Thereafter this plaintiff and said widow were appointed as administrator and administratrix of his estate, and the said widow was appointed guardian of the minor heirs. It is alleged in the complaint that in April, 1895, said note and mortgage were assigned to said Adella R., the widow, as guardian of said minor heirs, naming them. It is further alleged that said note and mortgage were, in May, 1895, assigned by said Adella R., as guardian of said minor heirs, naming them, to this plaintiff, Norman D. McGillivray. It is further alleged that the defend-

ant Lake county "has or claims some interest in or lien upon the mortgaged premises, under and by virtue of certain personal property taxes of the said Murdock J. McGillivray during his lifetime," which were assessed and levied for the year 1894, and which said personal property taxes amount to about $125. Neither Adella R., the widow, nor the minor heirs appeared in the action so far as the record discloses. Lake county, however, answered, and, after denying the allegations of the complaint, not admitted by the answer, set up the proceedings for assessing and levying the personal property tax against Murdock J. McGillivray, and then follow these allegations: "That sometime during the month of April, A. D. 1895, the said Adella R. McGillivary, who was then and there one of the administrators of the estate of the said Murdock J. McGillivray deceased, and also one of the makers of the note or bond described in paragraph three of plaintiff's complaint, duly paid and canceled said note, it being the same note secured by the mortgage set forth in paragraph four of plaintiff's complaint; that the assignment of said mortgage to the said Adella R. McGillivray, set forth in plaintiff's complaint, is pretended; and that the assignment thereof by the said Adella R. McGillivray to the said Norman D. McGillivray, who was also then and there one of the administrators of the estate of said decedent, is also pretended, and both of said assignments were made solely for the purpose of perpetrating a fraud upon the heirs of said Murdock J. McGillivray, deceased, his creditors, and the county of Lake, South Dakota, and to prevent the collection of said personal tax, and is a wrongful attempt on the part of the said administrators of the said Murdock J. McGillivray, deceased, to take said real estate out of the assets of said deceased, and appropriate the same to their own use, and acquire title thereto without consideration." It was further alleged that the said intestate, at the time of his death, was the owner of the mortgaged property. On the trial, after the plaintiff had concluded his evidence, his counsel made the following ob-

jection:  ''The plaintiff at this time objects to the introduction of any testimony on the part of the defendant Lake county, for the reason that the facts set forth in the answer of said defendant do not constitute any defense whatever to this action, and that the only claim which Lake county asserts to this property is under and by virtue of certain personal property taxes levied and assessed upon that property of the decedent, M. J. McGillivray, for 1894.''  This objection was sustained and the defendant duly excepted.

The sufficiency of the defense set up in the answer is the only question we shall consider or discuss on this appeal.  Assuming, as we must for the purposes of this decision, that the allegations of the answer are true, it would seem that the said Murdock J. McGillivray, up to the time of his death, was the owner of the mortgaged premises; that the personal property tax was duly levied of about $125 against him, for which his real estate was liable, subject to the prior mortgage; and that that mortgage was paid off and satisfied; and that the said plaintiff, and the said Adella R. McGillivray were keeping this mortgage outstanding, in order to defeat the county's personal property tax lien.  If such were the facts, the county was entitled to have the mortgage canceled of record by a proper decree of the court.  The lien of the county, like any other lien, was a valid subsisting lien, subject to the prior mortgage only so long as such mortgage lien remained a valid and subsisting lien.  Miller v. Anderson, 1 S. D. 539, 47 N. W. 957.  But, when the mortgage was paid off and canceled, it ceased to be a lien upon the property, and thereafter constituted a cloud upon the lien of the county for its personal property tax, which it had a right to have canceled of record, in order that its lien might be effectively enforced.  The county occupies the same position as any other lien holder, and is entitled to the same right to protection from the court that any other junior lien-holder would have.

The respondent contends that the decision in Miller v. Anderson, *supra*, establishes, in this state, the rule that personal

property taxes assessed and levied subsequently to a mortgage executed upon the property renders such personal property tax lien junior and inferior to the mortgage. This is undoubtedly correct while such mortgage remains a valid and subsisting mortgage; but when the mortgage is paid and canceled, and is kept outstanding for the fraudulent purpose of defeating the county's lien for the personal property tax, the mortgage lien ceases to be a superior lien.

The respondent further contends that the county was not in a position to litigate the issues raised by the answer. We are unable to comprehend the force of this contention. The county was properly made a party defendant, and, as we have before stated, occupied the same position as any other junior lienholder; and, under the facts as stated in its answer, the county was clearly entitled to a cancellation of the mortgage lien. No one would question, we presume, that, if a subsequent mortgagee was a party, under the facts stated in the answer he would be entitled to relief. The theory of the counsel would seem to be that, because the defendant county alleged in its answer that the mortgage was kept outstanding to defraud the minor heirs of the intestate, it was not in a position to litigate that question. But this allegation in the answer may be regarded as surplussage. Eliminate this allegation relating to minor heirs from the answer, and there is still a good defense stated on the part of the county. The allegation of the payment and cancellation of the note, and that the mortgage was kept outstanding in order to defeat the lien of the county for its personal property tax constitutes a good defense on the part of the county. Surplussage in a pleading may subject it to a motion to strike out the redundant and irrelevant matter, but does not render the pleading demurrable or defective as a pleading. The prayer for relief in the answer may also be objectionable in form, but such defect constitutes no ground of demurrer. The court upon a trial will grant such relief as the facts pleaded will warrant, without regard to the prayer for re-

lief. If the facts stated in the answer should be sustained by the evidence—and for the purposes of this decision we must assume they would be—the county would be clearly entitled to a cancellation of the mortgage in suit in this action. The judgment and order denying a new trial are reversed, and a new trial granted.