BUELL v. BOYLAN, County Treasurer.

A mortgagee, whose mortgage was recorded before the mortgagor's taxes due on personal property became a lien on the mortgaged property, as provided by Laws 1891, Chap. 14, Sec. 96, may redeem such property after it has been sold for taxes assessed against it, together with the mortgagor's personal taxes, without paying the personal taxes, under section 115, giving the mortgagee the right to redeem "by paying the amount of taxes with penalty and interest up to the date of redemption, and the costs of advertising and selling the same."

(Opinion filed Oct. 5, 1897.)

Appeal from circuit court, Douglas county; Hon, E. G. SMITH, Judge.

Application for peremptory writ of mandamus requiring the county treasurer to issue a redemption receipt. Defendant appeals from an order overruling its general demurrer to plaintiff's affidavit. Affirmed.

The facts are stated in the opinion.

*J. W. Lindsay*, States Attorney, for appellant.

*E. P. Wanzer*, for respondent.

The lien of the personal property tax was inferior to the lien of the mortgage. Miller v. Anderson, 1 S. D. 539, 47 N. W. 957; Iowa Land Co. v. Douglas county, 8 S. D., 491, 67 N W. 52.

FULLER, J. This appeal is from an order overruling a demurrer to an application for a peremptory writ of mandamus requiring the defendant, as county treasurer, to issue a redemption receipt or certificate for certain real property sold at tax sale, upon payment by a mortgagee of the amount claimed to be collectible, less certain taxes assessed against personal property of the grantee of the mortgagor, and for which the land had been sold. There are no facts in controversy, and it is conceded that the premises were sold for the personal taxes of the owner of the same, while respondent's mortgage thereon was of record, and in full force, and before any return had been made by appellant to the county auditor, as required by section 100, chapter 14, Laws 1891, showing that he was unable to find personal property of said owner from a sale of which such personal taxes might be realized. Section 96, chapter 14, *supra*, creates a lien upon the real estate of a person from whom taxes are due on personal property, and expressly provides that ''such lien shall not be enforced against such real estate until after the filing of the county treasurer's return'' as above indicated, and the only question to be determined is whether, under the circumstances, a mortgagee of real property can, after a sale thereof for taxes, a part of which were assessed upon personal property, redeem the premises without paying the full amount named in the certificate, together with the statutory penalty, interest, and costs. Section 115 gives a mortgagee the right to redeem at any time before the issuance of a tax deed ''by paying the amount of taxes with penalty and interest up to the date of redemption, and the costs of advertising and selling the same.'' Says Mr. Blackwell: ''Statutes favoring redemption are to be liberally construed, for the sale of land for taxes is the nearest approach to tyranny that exists in a free government, and whatever tends to modify its severity is favorable to the citizen, and to the rights of property, and to justice.'' 2 Blackw. Tax Titles, 728. It was held in Miller v. Anderson, 1 S. D. 539, 47 N. W. 957, that the lien on real estate for per-

sonal taxes is inferior to the lien of a prior mortgage; and, as we find no subsequent legislation at variance 'with the doctrine there announced, the case, so far as applicable, is controlling. As $73.38 is the aggregate amount of delinquent taxes for which the treasurer sold the premises without making the return required by law, and $27.30 of such amount is the personal taxes of the owner of the land, levied after the execution and delivery of respondent's mortgage, a reasonable construction of the statute gives him the right to redeem upon payment of $46.08, lawfully assessed against the land, with interest, penalty, and costs; and the order appealed from is therefore affirmed.