(No. 23073.—

THE KANSAS CITY LIFE INSURANCE COMPANY, Appellee,
*vs.* XAVIER F. GEHANT, Appellant.

*Opinion filed October 24, 1935—Rehearing denied Dec. 5, 1935.*

ROBERT W. BESSE, (FRANK S. REGAN, of counsel,) for appellant.

DIXON, DEVINE, BRACKEN & DIXON, (JOHN P. DEVINE, and J. C. RYAN, of counsel,) for appellee.

Mr. CHIEF JUSTICE STONE delivered the opinion of the court:

Appellant seeks review of a decree of the circuit court of Lee county requiring specific performance by him of a contract to purchase certain real estate in the city of

Dixon. Under the contract he agreed to purchase, and appellee agreed to sell the property for $5700. One hundred dollars was paid at the time the contract was executed and the balance of $5600 was to be paid on or before ten days thereafter. Appellee was required by the contract to furnish an abstract of title showing title in it free and clear of encumbrance. Appellee acquired this property by foreclosure of a mortgage thereon. Appellee held a mortgage on this property from 1926 until the latter part of 1934, when it secured a master's deed thereto under foreclosure of the mortgage. The abstract of title was submitted to appellant, and was later returned with the objection that it did not show appellee had paid taxes on this mortgage during the time of the existence of such mortgage from 1926 to 1934 and had not paid the taxes on its certificate of purchase from the day it received same until a deed was issued. The trial of the cause was before the chancellor. Proof of the contract, the abstract of title, warranty deed, and its tender and appellant's refusal to accept the deed on the ground of the objection here stated, was made by appellee. Appellant offered proof that appellee had a mortgage on the property from 1926 until it obtained a master's deed, and that it had not listed the mortgage or credits for taxation in Lee county. Objections were sustained to this offer, and the chancellor entered the decree for specific performance complained of.

The sufficiency of appellant's objection to the abstract is the only question involved in this case. Appellant claims that appellee not having listed for taxation in Lee county the mortgage as a credit, any tax on such credit, if and when assessed, would be a lien against any real estate owned by appellee in Lee county during the period for which such tax was assessed, and without the removal of that lien the same would constitute a cloud on the title which appellee had tendered to appellant under its contract to convey title free and clear of all encumbrance. It is

not contended that the abstract of title shows a cloud upon the title but that under the Revenue act appellee is liable for a personal property assessment, and in case such assessment were made it would become a cloud on the title to the land described in the contract.

Appellee by its contract covenanted to convey title free and clear of encumbrance except taxes subsequent to the year 1933. The abstract shows that all taxes levied against this property had been paid. There is no evidence in the record that any tax had been assessed on this mortgage as credits belonging to appellee. In fact, appellant concedes that no such assessment was ever made. A tax on personal property does not become a lien upon real estate until the collector of taxes shall select for that purpose some particular tract or lots of real property owned by the one owing such personal tax and shall charge the tax against that property. The statute requires that in his advertisement for judgment and sale the collector designate the particular tracts or lots of real property against which such personal property tax is charged. When this is done the lien is established and the court will render judgment against the real estate for such personal property tax. Cahill's Stat. 1933, chap. 120, pars. 191, 201, 270.

Unpaid personal property taxes do not constitute a lien on real estate of the one failing to pay such taxes until the procedure outlined by the statute to subject the real estate to the payment of such tax is followed. (*Carter* v. *Rodewald,* 108 Ill. 351; *Parsons* v. *Gas Light and Coke Co.* id. 380; *Cooper* v. *Corbin,* 105 id. 224; *Ream* v. *Stone,* 102 id. 359; *Belleville Nail Co.* v. *People,* 98 id. 399.) A purchaser of real estate, though possessing knowledge that his grantor may be subjected to liability for unpaid personal taxes, nevertheless takes such real estate free and clear of the right of the taxing authorities to subject the land to the payment of such personal tax, unless previous to such purchase personal property taxes had, in accordance

with the statute, been made a charge or lien on such real estate. *Belleville Nail Co.* v. *People, supra; Schaeffer* v. *People,* 60 Ill. 179.

Other assignments of error are not briefed nor argued and are waived. *People* v. *Cobb,* 343 Ill. 78.

The decree of the circuit court is right and is affirmed.

*Decree affirmed.*

Mr. Justice Shaw took no part in this decision.